IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02250-BNB

DAVID L. ADAMS,

     Applicant,

v.

JOE PELLE,

     Respondent.

---

## ORDER

---

     Applicant currently is detained at the Boulder County Jail in Boulder, Colorado.

On August 12, 2014, Applicant initiated this action by filing a Prisoner Complaint.

Subsequently, on August 13, 2014, Applicant filed a second Prisoner Complaint.  In

both Complaints, Applicant specifically states that he is filing this action pursuant to 28

U.S.C. § 1343 and 42 U.S.C. § 1983.  After review of the two Complaints, the Court

entered an order directing Applicant to cure certain deficiencies in the filings.

Specifically, the Court directed Applicant to file his claims on a current Court-approved

form and to compete all of sections of the form.  The Court also directed Applicant either

to submit a request to proceed pursuant to 28 U.S.C. § 1915 or in the alternative to pay

the $400 filing fee.  On the same day that the Order to Cure was entered on the Docket,

Applicant submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to

28 U.S.C. § 1915 in a Habeas Corpus Action.

On September 11, 2014, Applicant filed a third Prisoner Complaint.  The September 11 Complaint contains all pages of the form and is the most current version of the Court-approved prisoner complaint form.  Again, in the Third Complaint, Applicant asserts that he is filing this action pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  However, because Applicant failed to file a proper § 1915 motion and to provide an account statement that shows both expenditures and deposits for the most immediate six months prior to Applicant filing this action, the Court entered an order on September 12, 2014, directing Applicant to correct these deficiencies.

The Court then, on September 15, 2014, received two § 1915 motions.  One of the motions is correctly filed in a § 1983 action, the other is a § 1915 motion that is filed in habeas corpus actions.  Subsequently, on September 23, 2014, Applicant filed a Letter and stated (1) he has no access to the Courts; (2) the type of forms he submits should not be more important than the violation of his rights; and (3) he should not be responsible for submitting the wrong forms, because he is only filing the forms that he is being given by jail staff.  Applicant also on September 23 submitted an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.  Applicant attached an Inmate Request Form to the § 2241 Application that is directed to the jail librarian and states (1)he did not intend to file a § 1983 action; (2)   the Court told him that jail staff gave him the wrong form (a § 1983 form); and (3) he needs a § 2241 form.

The Court, therefore, finds that Applicant intends to file a habeas action and not a § 1983 complaint.  Nonetheless, Applicant has failed to sign the Application form.

The Court will allow Applicant once last chance to cure the remaining deficiency in this action by submitting a § 2241 Application that is signed and dated.  Accordingly, it is

ORDERED that Applicant comply with this Order within thirty days of the date of this Order.  It is

FURTHER ORDERED that, because Applicant claims jail staff does not provide the correct forms to him, the Clerk of the Court shall send to Applicant two copies of the Court-approved forms used in filing 28 U.S.C. § 2241 actions so he may cure the deficiencies and file a complete and signed Application form.  It is

FURTHER ORDERED that if Applicant fails to comply with this Order within the time allowed the Court will dismiss this action without further notice.

DATED September 29, 2014, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge