IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02250-BNB

DAVID LE'MON ADAMS,

    Applicant,

v.

JOE PELLE,

    Respondent.

## ORDER OF DISMISSAL

Plaintiff David Le'mon Adams was detained at the Boulder County Jail in Boulder, Colorado, when he initiated this action by filing *pro se* a Prisoner Complaint on August 12, 2014. On August 13, 2014, Applicant filed a second Prisoner Complaint. In both Complaints, Applicant specifically states that he is filing this action pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. After review of the two Complaints, Magistrate Judge Boyd N. Boland entered an order directing Applicant to cure certain deficiencies in the filings.

Specifically, Magistrate Judge Boland directed Applicant to file his claims on a current Court-approved form and to complete all sections of the form. Magistrate Judge Boland also directed Applicant either to submit a request to proceed pursuant to 28 U.S.C. § 1915 or in the alternative to pay the $400 filing fee. On the same day that the Order to Cure was entered on the Docket, Applicant submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.

On September 11, 2014, Applicant filed a third Prisoner Complaint. The

September 11 Complaint contains all pages of the form and is the most current version of the Court-approved prisoner complaint form. Again, in the Third Complaint, Applicant asserts that he is filing this action pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. However, because Applicant failed to file a proper § 1915 motion and to provide an account statement that shows both expenditures and deposits for the most immediate six months prior to Applicant filing this action, Magistrate Judge Boland entered an order on September 12, 2014, directing Applicant to correct these deficiencies.

Then, on September 15, 2014, Applicant submitted two § 1915 motions to the Court. One of the motions is correctly filed in a § 1983 action, the other is a § 1915 motion that is filed in habeas corpus actions. Subsequently, on September 23, 2014, Applicant filed a Letter and stated (1) he has no access to the courts; (2) the type of forms he submits should not be more important than the violation of his rights; and (3) he should not be responsible for submitting the wrong forms, because he is only filing the forms that he is being given by jail staff. Applicant also on September 23 submitted an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.

Applicant attached an Inmate Request Form to the § 2241 Application that is directed to the jail librarian and states (1) he did not intend to file a § 1983 action; (2) the Court told him that jail staff gave him the wrong form (a § 1983 form); and (3) he needs a § 2241 form. Magistrate Judge Boland, therefore, found that Applicant intended to file a habeas action and not a § 1983 complaint, but nonetheless, he failed to sign the Application form that he submitted on September 23, 2014.

Magistrate Judge Boland entered an order on September 29, 2014, and gave Applicant one last opportunity to cure the remaining deficiency by submitting a § 2241 Application that is signed and dated. On October 10, 2014, the envelope containing the September 29 Order was returned to the Court and marked, "Return to Sender," and "Not Here." Rule 11.1(d) of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil Rules states that a party must file a notice of a new address within five days of any change of address. Applicant has not submitted a change of address.

Because Applicant now has failed to communicate with the Court, and as a result has failed to cure the remaining deficiency within the time allowed, the Court will dismiss the action.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to cure the deficiencies and for failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 10th day of November, 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court